Turkey, J.,
delivered the opinion of the court:
The rights of the parties to the house, the removal of which had been enjoined at the suit of complainant, were determined by decree of this court in 1869, and the cause *288 remanded for tlie ascertainment of tbe damages accruing to defendant by reason of tbe wrongful suing out of tbe injunction.
During tbe pendency ’of the suit, tbe bouse, tbe value of which is tbe subject-matter of this litigation, was burned without fault of either party.
It is now claimed the defendant is entitled to tbe value of tbe bouse at tbe date of the injunction, or, at least, nz tbe time of its destruction by tire; that the condition of the injunction bond, that “complainant shall pay to said defendant such damages as shall be awarded to or recovered by him for tbe wrongful suing of tbe injunction,” indemnifies against tbe loss, and must be held as the security for its reimbursement.
In this cause tbe complainant did not sue without probable cause; she certainly acted in good faith, though, as it was determined, “without sufficient legal cause, and under a mistake of her legal rights.”
There is no pretense that the fire occurred through fault or want of proper care on her part before any determination upon the merits of the bill. 2 Sneed, 369.
The injunction retained the house in her possession, that possession was in the character of receiver under the fiat of the chancellor. Then, according to Judge McKinney, in Mosely v. Baker, just cited, if this be correct, it follows that the obligations and liabilities of the complainant, resulting from her possession of the house as receiver, were only such as the law imposed upon her.
What liability she may have incurred antecedently, if any, from the fact of having filed the bill and sued our an injunction under the • circumstances without sufficient cause, is an inquiry not all important in the determination of the question whether upon the facts in this record she can be held liable for the value of the house in any form of proceeding upon the bond, for this may be denied, and yet her responsibility to damages to some extent in au action on the bond, on the mere ground that the in june, *289 tion was sued out without legal cause, might well enough be conceded.
In this connection the same judge cites authorities for the general principle, that if a bond or other obligation be upon condition possible at the time when it is made, and afterwards becomes impossible by the act of God, or of the law, or of the obligee himself, the obligation will be saved. To which causes we add inevitable accident, or accident without fault or blame on the part of the obligor.
While cases may possibly be conceived of in which parties suing out injunctions might be held liable for the loss or destruction of the property, it is certainly not so in the case before us.
An examination of the article of lease of the lot on which the house was subsequently built, presents very plausible grounds for the institution of the suit — enough at least to show good faith in her claim of ownership by complainant.
.It is next claimed defendant is entitled to recover solicitor’s fees paid by him in defense to complainant’s bill. We do not think so. Complainant had probable cause of action; the title to the house was at least doubtful, and to hold her responsible for fees to adversary’s counsel would be to establish precedents under which all successful defendants might claim reimbursement for fees paid their attorneys.
Defendant is entitled to the rental value of the house from the time of the injunction to the time of its destruction by fire, except for such time as defendant was in possession or received rents.
The decree of the chancellor is reversed. The clerk of this court will state the account as indicated.